BESSER, Appellant,

v.

GRIFFEY et al., Appellees.

[Cite as Besser v. Griffey (1993), 88 Ohio App.3d 379.]

Court of Appeals of Ohio,
Ross County.

No. 92 CA 1898.

Decided June 23, 1993.

*William Besser, pro se.*

*Lee Fisher,* Attorney General, and *Joseph Mancini,* Assistant Attorney General, for appellees.

STEPHENSON, Judge.

This is an appeal from a *sua sponte* dismissal entered by the Ross County Court of Common Pleas on those claims filed by William Besser, an inmate at Chillicothe Correctional Institute ("C.C.I."), plaintiff below and appellant herein, against appellees.[1] The following errors have been assigned for our review:

I. "Did trial court err in holding that the first part of appellant's action must be dismissed for failure to exhaust administrative remedies?"

II. "Did trial court err in holding that plaintiff's due process rights were protected when he was granted a hearing?"

III. "Did trial court err by granting summary judgment in a case where the plaintiff had offered proof [that] certain defense affidavits could be shown to be false, defendants had failed and refused to answer interrogatories and the plaintiff had been caused serious mental strain by knowing the Ohio Parole Authority would view the conduct report with disfavor?"[2]

The record reveals the following facts pertinent to this appeal. On February 7, 1990, appellant commenced this case in the court below as a civil rights action under Section 1983, Title 42, U.S.Code. The lack of any structure to the complaint, as well as its sloppy typing and poor syntax, renders it exceedingly difficult to understand. However, the gravamen of appellant's claims would appear to be that there is a lack of proper security at C.C.I. and that he was the subject of an allegedly false conduct report. Appellant sought $20,000 in

---

1.  The defendants below and appellees herein are all employees of C.C.I. They include Sherrie Griffey, a corrections officer, Ronald Baxter, a sergeant at the institution, and Danny Pfeifer, a unit manager.

2.  The errors assigned for review by appellant have been renumbered by this court. The brief represents that there are four assignments of error presented therein. However, there is no actual statement of a third assignment of error as appellant sets forth only an argument.

damages from each of the appellees as well as an order from the court that C.C.I. provide proper security. Appellees filed their answer denying liability and asserting a variety of defenses.

On August 16, 1990, appellees moved for summary judgment, arguing that they were state employees and that this action should have been brought in the Court of Claims. Thus, they concluded, the lower court was without jurisdiction to hear the matter. Appellees also argued that the action was barred by virtue of a consent degree which had been entered in *Frost v. Denton* (Dec. 30, 1982), S.D.Ohio No. C–2–79–62, unreported, and bound all future C.C.I. inmates with respect to security issues therein.[3]

The trial court rejected these arguments and, on October 10, 1990, overruled the motion. It was reasoned that appellant's claims were based on violations of federal rather than state law and, therefore, the court had jurisdiction to consider the matter independent of the Court of Claims. The lower court also determined that the aforementioned *Frost* consent decree did not bar the action because appellant's claims occurred after, and were unrelated to, the matters covered by that entry. Nearly two years went by without any further activity in the case.

On July 29, 1992, the lower court dismissed the action *sua sponte*. The court reasoned that a false conduct report against an inmate did not give rise to a cause of action for violation of civil rights. The court also redetermined that the *Frost* consent decree would control the resolution of the case, as it provided for the security and continued protection of C.C.I. inmates. It was then determined that the decree required all aggrieved prisoners to exhaust administrative remedies before seeking judicial relief. After determining that appellant had failed to establish an exhaustion of administrative remedies prior to commencing suit, the lower court ordered that the matter be dismissed. This appeal followed.

---

**3.** A copy of the consent decree was attached as an exhibit to the motion for summary judgment. However, under Civ.R. 56(C), only the "pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact" may be filed as supporting evidentiary materials in a summary judgment motion. There is no provision in this rule for the attachment of copies of documents in support of such a motion. The correct method of introducing such an item would have been to incorporate it into a properly framed affidavit pursuant to Civ.R. 56(E). See *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 222, 515 N.E.2d 632, 634; *Bartels v. Syracuse* (June 7, 1991), Meigs App. No. 448, unreported, at 5, fn. 5, 1991 WL 110010. Nevertheless, the record does not reveal any objection or motion to strike this item having been made by appellant during the proceedings below and, as a result, any error in the improper submission of the item is waived. See *Rodger v. McDonald's Restaurants of Ohio, Inc.* (1982), 8 Ohio App.3d 256, 258, 8 OBR 347, 350, 456 N.E.2d 1262, 1265, at fn. 7; *Millisor v. Motorists Mut. Ins. Co.* (Nov. 16, 1990), Ross App. No. 1657, unreported, at 4–5, fn. 4, 1990 WL 193443.

The arguments raised in appellant's brief are as poorly written and presented as the allegations in his initial complaint. Nevertheless, this court has firmly held "that considerable leniency *must* be afforded to *pro se* actions brought by prisoners." *State ex rel. Karmasu v. Tate* (1992), 83 Ohio App.3d 199, 206, 614 N.E.2d 827, 832; *In re Paxson* (July 1, 1992), Scioto App. No. 91CA2008, unreported, at 1–2, 1992 WL 154139. Consistent with that approach, we will endeavor to ascertain whether there is any merit to appellant's arguments and we will review the record to determine whether there was any further patent or manifest error which should have been, but was not, raised on appeal.

■ One such error is the apparent lack of any authority in the Civil Rules which would sanction the unexpected and *sua sponte* dismissal of the action below. The trial court cited no authority or rule in support of its dismissal and the parties have been left to speculate as to the nature of the actual procedural device used to terminate this case. Appellees defend the dismissal by arguing that appellant failed to state cognizable claims and thus suggest that the action was warranted under Civ.R. 12(B)(6). Appellant's arguments suggest that the dismissal was a *sua sponte* summary judgment and that it was improper under Civ.R. 56. However, for the reasons that follow, the dismissal cannot be upheld under either rule.

A *sua sponte* dismissal under Civ.R. 12(B)(6) has been permitted only where the parties are given both notice of the court's intention to dismiss and an opportunity to respond. See *Prosen v. Dimora* (1992), 79 Ohio App.3d 120, 124, 606 N.E.2d 1050, 1052; *Mayrides v. Franklin Cty. Prosecutor's Office* (1991), 71 Ohio App.3d 381, 384, 594 N.E.2d 48, 50; see, also, *McGlone v. Grimshaw* (1993), 86 Ohio App.3d 279, 620 N.E.2d 935 (Stephenson, J., concurring). There is no indication in the cause *sub judice* that appellant was ever given notice of the court's intention to dismiss the action. Moreover, during Civ.R. 12(B)(6) proceedings, a trial court is confined *solely* to the averments of the petition and cannot consider matters outside the pleadings. See *Popson v. Henn* (1984), 17 Ohio App.3d 1, 7, 17 OBR 47, 53, 477 N.E.2d 465, 472; *Chautauqua Park Apartments v. McMullen* (Oct. 14, 1992), Highland App. No. 791, unreported, at 4, 1992 WL 303139; *Cook v. R.P.M. Auto Sales* (Nov. 26, 1991), Scioto App. No. 90CA1943, unreported, at 5, 1991 WL 260838. The court below relied, at least in part, on the aforementioned *Frost* consent decree, which obviously was a matter outside the pleadings. For these reasons, the court's judgment cannot be upheld as a *sua sponte* dismissal under Civ.R. 12(B)(6).

We are equally unpersuaded that the dismissal can be upheld as a valid summary judgment under Civ.R. 56. Our Supreme Court has consistently

indicated that a *sua sponte* entry of summary judgment is not permitted under Ohio law. See *Marshall v. Aaron* (1984), 15 Ohio St.3d 48, 51, 15 OBR 145, 147, 472 N.E.2d 335, 338; *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 94, 585 N.E.2d 384, 393.[4]

In short, the manner in which this action was terminated below cannot be sanctioned under Civ.R. 12(B)(6) or 56 and we are not aware of any other rule which permits a dismissal without notice and an opportunity to respond. The judgment was in error. That being said, appellant's assignments of error are disregarded as moot pursuant to App.R. 12(A)(1)(c). The judgment is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

GREY and PETER B. ABELE, JJ., concur.

---

[4] In determining that summary judgment should not be entered *sua sponte*, the Ohio Supreme Court relied in part on federal case law under similar provisions of Fed.R.Civ.P. 56. See *Marshall v. Aaron* (1984), 15 Ohio St.3d 48, 51, 15 OBR 145, 147, 472 N.E.2d 335, 338. Since that time, the United States Supreme Court has noted that "district courts are *widely acknowledged to possess the power to enter summary judgments sua sponte*, so long as the losing party was on notice that she had to come forward with all her evidence." (Emphasis added.) *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265, 275. The federal appellate courts now permit a *sua sponte* entry of summary judgment provided that the nonmovant is given the notice dictated in Fed.R.Civ.P. 56 so that he can marshall evidence to show a genuine issue of fact. See, generally, *N.L. Industries, Inc. v. GHR Energy Corp.* (C.A.5, 1991), 940 F.2d 957, 965; *Arkwright–Boston Manufacturers Mut. Ins. Co. v. Aries Marine Corp.* (C.A.5, 1991), 932 F.2d 442, 445; *Bradley v. Pittsburgh Bd. of Edn.* (C.A.3, 1990), 913 F.2d 1064, 1069; *Jardines Bacata, Ltd. v. Diaz–Marquez* (C.A. 1, 1989), 878 F.2d 1555, 1560. The Ohio Supreme Court, nevertheless, appears to have maintained its disapproval of *sua sponte* summary judgments notwithstanding the change in federal case law. See *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 94, 585 N.E.2d 384, 393. Even if such action were permitted in Ohio courts under the same guidelines as in federal courts, summary judgment still would not have been proper in this case because appellant was not given notice of the court's intent or provided an opportunity to marshall evidence against the court's motion.