This is an appeal from a summary judgment entered by the Lawrence County Court of Common Pleas in favor of Kellico, Inc., plaintiff below and appellee herein, on its claim against Stephanie Songer, defendant below and appellant herein. Appellant assigns the following errors for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN REFUSING TO ALLOW PLAINTIFF TO AMEND HER COMPLAINT."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN REFUSING TO ALLOW HER TO RESPOND TO THE REQUEST FOR ADMISSIONS."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT CONCERNING PLAINTIFF'S CLAIM."
The record reveals the following facts pertinent to the causesub judice. Appellee commenced the action below on February 15, 1996, alleging that appellant owed $9,601.22 upon an account for "old house repair[s]" it had performed for her on a residence in Ironton, Ohio. No formal answer was ever filed in response to this complaint but, the following month, appellant, representing herself pro se, sent a letter to appellee's counsel disputing the amount alleged to be due and requesting "a court date to defend" the matter. A copy of this letter was forwarded to the court below which treated it as a responsive pleading and then filed it for record.
On December 12, 1996, appellee served several requests for admission on appellant asking her to admit inter alia (1) that the original bid for work on the house was $10,940.96, (2) that appellee performed additional work above and beyond that specified in the bid, (3) that only $10,000 had been paid for the work, and (4) that the statement which had been attached to the complaint was "genuine." Appellant did not respond to these requests for admission.
Appellant retained counsel sometime thereafter and, on January 22, 1997, filed a motion for leave of court to amend her answer, to file counterclaims and to make a belated response to the previous request for admissions. A memorandum submitted in support of that motion argued that she had various defenses and counterclaims to assert and, because the matter had not yet been set for trial, such leave would not prejudice the opposing side. The court referred her to a magistrate who recommended that leave of court be denied. The magistrate reasoned that appellant had been aware of the pending litigation for nearly a year before taking any action and that her request went "beyond all time limits and requirements of the Ohio Rules of Civil Procedure." Appellant filed objections to the magistrate's recommendation but the trial court subsequently overruled those objections and adopted the magistrate's report.
On the same day that appellant filed her motion for leave of court, appellee filed a motion for summary judgment arguing that no genuine issues of material fact existed and that appellee was entitled to judgment in its favor as a matter of law. As support for that motion, appellee relied on the unanswered requests for admission (deemed under Civ.R. 36(A) to have been admitted) as well as an affidavit from William L. Nenni (president of appellee corporation) who attested that the sum of $9,601.22 remained due and owing for work performed on her property. Appellant responded with a memorandum contra arguing that there remained numerous issues of material fact in this case. In support of her position, appellant submitted an extensive affidavit stating that appellee (1) did not "substantially perform" pursuant to their original contract, (2) performed "faulty workmanship" on the residence, and (3) was attempting to recover for a number of "erroneous" labor and material charges. She also submitted a voluminous number of invoices and other documents as exhibits to her memorandum. Appellant concluded that, in light of these issues, the case "was not ripe for a decision." The magistrate disagreed and, on July 17, 1997, rendered a decision recommending that the court grant summary judgment. The magistrate reasoned that appellant had already been deemed to have admitted the debt by failing to respond to the request for admissions and, thus, she could not "respond" and contradict the evidentiary material submitted by appellee in support of the motion.
Appellant filed an objection to this decision which, for one reason or another, was never included in the record. The trial court therefore filed an entry adopting the decision and entering judgment in favor of appellee. Appellant then filed a motion to vacate that judgment and to hold a hearing. In support of her motion, appellant submitted a file stamped copy of her objection (dated August 27, 1997) as well as a copy of the accompanying cover letter from her counsel to the clerk of courts (dated July 23, 1997) to demonstrate that she had contested the magistrate's decision in a timely manner. The court below accepted her argument and vacated its previous judgment. A hearing was held on November 19, 1997, at which time both sides argued their respective positions. At the conclusion of the hearing, the court ruled from the bench noting that appellant's objection would be overruled and that the magistrate's decision finding for appellee in the amount of $9,601.22 would be adopted. On November 21, 1997, the court issued its final judgment. This appeal follows.
 I
In her first assignment of error, appellant argues that the trial court erroneously denied her the opportunity to amend her complaint. We agree. Our analysis begins with the provisions of Civ.R. 15(A) which states in pertinent part that a party may amend her pleading by leave of court and that such leave "shall be freely given when justice so requires." This Court, and others, have long noted that the ultimate decision to grant leave to amend a pleading is vested in the sound discretion of the trial court and its decision on such matters will not be reversed absent a showing of an abuse of that discretion.See Easterling v. Am. Olean Tile Co., Inc. (1991), 75 Ohio App.3d 846,850, 600 N.E.2d 1088, 1091; Solowitch v. Bennett
(1982), 8 Ohio App.3d 115, 116, 456 N.E.2d 562, 563; Shaw v.Central Oil Asphalt Corp. (1981), 5 Ohio App.3d 42, 56,449 N.E.2d 3, 8; Dept. of Taxation v. Cemetery Mgt. Serv. Co.
(1981), 2 Ohio App.3d 115, 117, 440 N.E.2d 1222, 1224. An abuse of discretion is defined as being more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. See e.g. Landis v. Grange Mut.Ins. Co. (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140, 1142;Malone v. Courtyard by Marriott L.P. (1996), 74 Ohio St.3d 440,448, 659 N.E.2d 1242, 1249; State ex rel. Solomon v. Police Firemen's Disability Pension Fund Bd. of Trustees (1995),72 Ohio St.3d 62, 64, 647 N.E.2d 486, 488. This is a difficult standard to meet and appellate courts are admonished that they should not merely substitute their own judgment on these matters for that of the trial court. See State ex rel.Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728,732, 654 N.E.2d 1254, 1258; In re Jane Doe 1 (1991). 57 Ohio St.3d 135,137-138, 566 N.E.2d 1181, 1184; Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301, 1308. Nevertheless, given the particular facts and circumstances of this case, we conclude that it was unreasonable to deny appellant the opportunity to amend her answer below.
It should be noted at the outset that no trial date had been set for this matter at the time appellant filed her motion. Further, her request for leave of court was made the same day that appellee filed its motion for summary judgment. This is significant because the proceedings below were still, technically, in a discovery mode with no imminent resolution in sight. It is therefore difficult to believe that appellant filed her motion for purposes of delaying the proceedings or because the motion for summary judgment prompted her to make changes in her litigation strategy. Moreover, because a trial date had not yet been set, we do not believe that appellee would have been particularly prejudiced by any further delay in this matter while appellant amended her answer. This Court addressed a similar problem in Easterling, supra, at 851,600 N.E.2d at 1091-1092, wherein we wrote as follows:
 "While there does not appear to be any set time limit beyond which a motion to amend would be deemed untimely, the Supreme Court has held that such motions filed eleven and seven days before trial are 'patently' untimely. [Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.
(1991), 60 Ohio St.3d 120, 123, 573 N.E.2d 622, 625]. Furthermore, decisions by the appellate courts of this state tend to indicate that there is a certain stage in litigation beyond which it becomes increasingly difficult to find an abuse of discretion in the denial of a motion to amend. [See e.g. DiPaolo v. DeVictor (1988), 51 Ohio App.3d 166, 170, 555 N.E.2d 969, 973] (no abuse of discretion when the proposed amendment is sought after trial has been set and nine months after the complaint was originally filed); [Meadors v. Zaring Co. (1987), 38 Ohio App.3d 97, 526 N.E.2d 107] (no abuse of discretion in denying motion to amend complaint to assert a new negligence claim when discovery had been completed and summary judgment had been orally granted, but not yet journalized); [also see Somermeier v. First Natl. Bank (1968), 17 Ohio App.2d 136, 139, 244 N.E.2d 782, 785] (a pre-rules case where no abuse of discretion was found in denying leave to file an amended pleading tendered during a hearing on a summary judgment motion)."
Ultimately, in Easterling, we determined that there was no abuse of discretion in denying a motion to amend a pleading because it was made two (2) weeks before the scheduled trial date, was proffered after a referee (magistrate) had already recommended that summary judgment be granted to the opposing side and because the proposed amendment was based on information that had been known for nearly five (5) months before leave to amend was even sought. Id. at 851,600 N.E.2d at 1091-1092. No similar circumstances exist in this case. No trial date had been set and no decision had yet been rendered on summary judgment. Indeed, from our review of the record, appellant's motion for leave to amend was filed approximately one or two hours before the motion for summary judgment. Another factor which weighs in favor of allowing appellant to amend is that at the commencement of these proceedings, when her initial "answer" was filed, she represented herself pro se. There is nothing in the record to indicate that she is an attorney or has any legal background whatsoever. Thus, it should come as no surprise that she would be unfamiliar with the nuances of pleading or the defenses which were available to her in defending against appellee's claim. This Court has long had a policy of affording "considerable leniency" to prose litigants, see e.g. Besser v. Griffey (1993), 88 Ohio App.3d 379,382, 623 N.E.2d 1326, 1328; State ex rel. Karmasu v. Tate
(1992), 83 Ohio App.3d 199, 206, 614 N.E.2d 827, 832. The fact that appellant's retained counsel sought leave to amend in order to assert the proper defenses, counterclaims and setoffs should have weighed heavily in favor of granting her motion.
We would point out that this Court is not unsympathetic to the position of the court below. After all, this case had languished for nearly a year and appellant should have sought legal representation much earlier in these proceedings. We also realize that trial courts across the state are dealing with ever increasing caseloads and are under considerable, albeit understandable, pressure to resolve them in the most expedient and fair manner possible. However, we must also keep in mind that the spirit behind the Civil Rules is to resolve cases upon their merits and not upon pleading deficiencies. See State exrel. Huntington Ins. Agency, Inc. v. Duryee (1995), 73 Ohio St.3d 530,533, 653 N.E.2d 349, 353. The Ohio Supreme Court has therefore cautioned that cases should be decided on their merits whenever possible. State ex rel. Montgomery v. R DChem. Co. (1995), 72 Ohio St.3d 202, 204, 648 N.E.2d 821, 822;Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 3, 454 N.E.2d 951,952; Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 175,297 N.E.2d 113, 122. Given the procedural posture of the cause subjudice, and considering that appellant was unrepresented by counsel at the time she filed her original "answer" below, we conclude that it was unreasonable to deny her an opportunity to amend her pleading so as to assert the proper defenses and counterclaims. Her first assignment of error is accordingly well taken and sustained.
 II
In her second assignment of error, appellant argues that the lower court improperly denied her the opportunity to respond to the request for admissions. Again, we agree. The provisions of Civ.R. 36(A) allow for the submission of such discovery and, if no responses are made thereto within the appropriate time period, the matters set forth therein are deemed to be admitted. However, a court may also permit the amendment or withdrawal of an admission "where presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action . . ."Id. at (B). The decision to allow the withdrawal or amendment of an admission is, once again, left to the sound discretion of the trial court and that decision will not be reversed on appeal absent a showing of an abuse of discretion. See Sandlerv. Gossick (1993), 87 Ohio App.3d 372, 377, 622 N.E.2d 389,393; also see Thompson v. Weaver (Aug. 7, 1998), Wood App. No. WD-97-099, unreported; Tabor v. Westfield Companies
(Feb. 27, 1998), Gallia App. No. 97CA05, unreported.
For the same reasons that we found an abuse of discretion in denying appellant the opportunity to amend her answer, we find that it was unreasonable to deny her the opportunity to formally answer to request for admissions submitted to her below. This case had not yet been set for trial and was still, technically, in the discovery phase of the proceedings. Appellee would have suffered no discernible prejudice by allowing the amendment. Moreover, a review of the magistrate's decision and the trial court's judgment entries reveals that summary judgment was entered against appellee entirely on the basis of her "default" admissions). It is worth repeating at this juncture that she was unrepresented by counsel at the time these requests were served upon her and it does not take any great leap of logic or understanding to conclude that she was probably unaware of the consequences which would result from her failure to respond. While the decision to allow an amendment to admissions under Civ.R. 36 may be discretionary with the trial court, the Ohio Supreme Court and various other appellate courts have indicated that it should nevertheless be granted where it is beyond dispute that presentation of the merits would be enhanced and there is no demonstrated prejudice to the opposing party. See e.g. Balson v. Dodds (1980) 62 Ohio St.2d 287,290-291, 405 N.E.2d 293, 295-296; also see AetnaCas. Sur. Co. v. Roland (1988), 47 Ohio App.3d 93, 95,547 N.E.2d 379, 381-382; Heller v. McLaughlin (Sep. 26, 1996), Cuyahoga App. No. 70072, unreported. Presentation of the merits in this case would have clearly been enhanced by allowing appellant an opportunity to amend her response. As aforesaid, the judgment entered against her below was based almost entirely on her "default" admission. There is also nothing to suggest that appellee would have been prejudiced in any way by such a ruling. Therefore, given the particular facts and circumstances of this case, we conclude that the trial court's denial of her motion was unreasonable. The second assignment of error is well taken and sustained.
 III
In her third assignment of error, appellant argues that the trial court erroneously entered summary judgment for appellee. Again, we agree. Our ruling on her two (2) previous assignments of error are largely dispositive of this one. The magistrate and trial court, as mentioned above, based their respective decisions on appellant's failure to respond to the request for admissions. Having determined that she should have been allowed an opportunity to formally answer those requests, rather than deeming them to be admitted by default, it logically follows that the matter should be reconsidered. We would also point out that once the default admissions are removed from consideration, there are clearly some genuine factual issues to be resolved in this case.
Our analysis begins from the standpoint that an appeal from summary judgment is considered under a de novo standard of review. Broadnax v. Greene Credit Service (1997), 118 Ohio App.3d 881,887, 694 N.E.2d 167, 171; Coventry Twp. v. Ecker
(1995), 101 Ohio App.3d 38, 41, 654 N.E.2d 1327, 1329; Maust v.Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107,614 N.E.2d 765, 768. That is to say that we afford no deference whatsoever to the trial court's decision, see Hicks v. Leffler
(1997), 119 Ohio App.3d 424, 427, 695 N.E.2d 777, 779; Dillonv. Med. Ctr. Hosp. (1993), 98 Ohio App.3d 510, 514-515,648 N.E.2d 1375, 1378; Morehead v. Conley (1991), 75 Ohio App.3d 409,411-412, 599 N.E.2d 786, 788, and conduct our own independent review to determine if summary judgment was appropriate. Woods v. Dutta (1997), 119 Ohio App.3d 228,233-234, 695 N.E.2d 18, 21; Phillips v. Rayburn (1996),113 Ohio App.3d 374, 377, 680 N.E.2d 1279, 1281; McGee v. GoodyearAtomic Corp. (1995), 103 Ohio App.3d 236, 241, 659 N.E.2d 317,320. Summary Judgment is appropriate when the movant demonstrates that (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party; said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc.
(1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201, 204;Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385,667 N.E.2d 1197, 1199; Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47-48. It is the party moving for summary judgment who bears the initial burden of showing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. Vahilav. Hall (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, 1170;Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264,274; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798, 801.
In the cause sub judice, appellee clearly carried this burden. Mr. Nenni's affidavit set forth that there was a contract with appellant and that the sum of $9,601.22 remained due and owing for work performed pursuant to that contract.
The burden then shifted to appellant to provide evidentiary materials in rebuttal. See Trout v. Parker (1991), 72 Ohio App.3d 720,723, 595 N.E.2d 1015, 1017; Campco Distributors,Inc. v. Fries (1987), 42 Ohio App.3d 200, 201, 537 N.E.2d 661,662-663; Whiteleather v. Yosowitz (1983), 10 Ohio App.3d 272,275, 461 N.E.2d 1331, 1335-1336. We readily conclude that appellant met this burden as well. Her affidavit set forth that appellee (1) did not "substantially perform" pursuant to their original contract, (2) performed "faulty workmanship" on the residence, and (3) was attempting to recover for a number of "erroneous" labor and material charges.[1] Thus, genuine issues of material fact exist with respect to both appellee's entitlement to any recovery at all as well as the amount thereof. The third assignment of error is accordingly well taken and sustained.
Having sustained all three (3) errors assigned and argued by appellant in her brief, the judgment of the trial court is hereby reversed and this case is remanded for further proceedings.
JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and cause remanded for further proceedings. It is further ordered that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, P.J.: Concur in Judgment Opinion
For the Court
 BY: ___________________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] Appellant's memorandum contra also had numerous copies of receipts, invoices, computer printouts, etc. attached as exhibits thereto. However, after a thorough review of her memorandum and supporting affidavit, we find nothing which references the vast majority of these exhibits or ever explains their relevancy. There is also no provision under Civ.R. 56(C) for introduction of these exhibits for consideration on summary judgment, see Phillips v. Rayburn (1996), 113 Ohio App.3d 374,378, 680 N.E.2d 1279, 1282; Besser v. Griffey (1993), 88 Ohio App.3d 379,381, 623 N.E.2d 1326, 1327 at fn. 3. and, thus, they should not be considered. See Wall v. Firelands Radiology,Inc. (1995), 106 Ohio App.3d 313, 334, 666 N.E.2d 235, 248;Spier v. American Univ. of the Caribbean (1981), 30 Ohio App.3d 28,29, 443 N.E.2d 1021. The correct method for submitting them below would have been to incorporate them into a properly framed affidavit pursuant to Civ.R. 56(E). Carlton v. Davisson
(1995), 104 Ohio App.3d 636, 646-647, 662 N.E.2d 1112, 1119;Biskupich v. Westbay Manor Nursing Home (1986), 33 Ohio App.3d 220,222; 515 N.E.2d 632, 634.