DECISION AND JUDGMENT ENTRY
The Ohio Adult Parole Authority appeals a summary judgment that the trial court granted in favor of appellee, Lance Gibbs in the absence of a pending motion. Generally, trial courts do not have the authority to grant sua sponte summary judgment. While in some instances, Ohio law provides that trial courts may grant summary judgment against a moving party, here, neither party moved for summary judgment. Accordingly, we sustain the APA's assignment of error and reverse the judgment.
The APA assigns the following error:
 THE TRIAL COURT ERRED BY SUA SPONTE ENTERING SUMMARY JUDGMENT AGAISNT THE DEFENDANT BECAUSE (1) SUCH RELIEF IS PRECLUDED BY CONTROLLING PRECEDENT PROHIBITING SUA SPONTE SUMMARY JUDGMENT, (2) THERE WAS INSUFFICIENT EVIDENCE SUPPORTING THE PLAINTIFF'S CLAIM AND GENUINE QUESTIONS OF FACT EXISTED AND (3) THE DEFENDANT WAS NOT GIVEN PRIOR NOTICE THAT SUMMARY JUDGMENT MIGHT BE ENTERED AGAINST IT.
Gibbs is currently serving an eight to twenty-five year sentence for involuntary manslaughter and robbery. This action began when Gibbs filed a complaint for declaratory and injunctive relief, alleging that the APA improperly classified him as if he were convicted of murder. Gibbs reasoned that this would force him to serve 330 months before he could be paroled. He argued that this classification breached his plea bargain with the State and violated his constitutional equal protection rights.
The APA filed a Civ.R. 12(B)(6) Motion to Dismiss.[1] Gibbs opposed the motion but did not file any motions in response. The court denied the APA's motion to dismiss. But then, with no other motion pending, the court granted what amounts to a motion for summary judgment in Gibbs's favor. The court's entry stated "[w]ith all the relevant evidence before it, the Court finds no genuine issue of material fact exists. Accordingly, the Court further finds that Plaintiff is entitled to declaratory and injunctive relief." This appeal followed.
The APA argues that the trial court erred in granting summary judgment to Gibbs because there was no motion for summary judgment pending. The APA contends that since no motion was pending, the trial court's sua sponte grant of summary judgment was contrary to Ohio law. Gibbs argues that the trial court's decision should not be disturbed because it is the right result and any error committed was harmless.
We review a trial court's decision to grant summary judgment on a de novo basis. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241. Generally, Civ.R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party. Marshallv. Aaron (1984), 15 Ohio St.3d 48, 472 N.E.2d 335, syllabus. But an entry of summary judgment against the moving party "does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law." State ex rel. Cuyahoga Cty.Hosp. v. Bur. of Workers' Comp. (1986), 27 Ohio St.3d 25, 28,500 N.E.2d 1370, citing Houk v. Ross (1973), 34 Ohio St.2d 77,296 N.E.2d 266, paragraph one of the syllabus.
Civ.R. 7(B)(1) states in part that "an application to the court for an order shall be by motion which, unless made during a hearing or a trial, shall be made in writing. A motion, whether written or oral, shall state with particularity the grounds therefore, and shall set forth the relief or order sought." Therefore, when a party moves for summary judgment, they must state their reasons with particularity so that the non-moving party has notice and an opportunity to marshal evidence as required by Civ.R. 56(E). Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 114,526 N.E.2d 798.
Here, the trial court did not have a motion for summary judgment pending. The APA was prejudiced because there was no way they could have been put on notice that the trial court was considering disposing of the case on summary judgment grounds. Since the APA was not put on notice, they did not have an opportunity to marshal evidence to defeat summary judgment.
We have previously affirmed sua sponte summary judgments against non-moving parties. Wilson v. Tucker, (Jan. 14, 1997) Ross App. No. 96CA2209, Gilbert v. CRST, Inc. (May 15, 1991), Ross App. No. 1674, andCincinnati Ins. Co. v. Standard-Keil Hardware Mfg. Co., Inc. (March 27, 1989), Athens App. No. 1386. In those cases, and the cases decided by the Ohio Supreme Court, the trial court granted summary judgment for the non-moving party after the movant sought summary judgment.
In Besser v. Griffey (1993), 88 Ohio App.3d 379, 382-83,623 N.E.2d 1326, and Minix v. Collier (March 31, 1998), Scioto App. No. 97CA2523, the trial court granted summary judgment when neither party moved for it. We reversed the trial court's sua sponte grant of summary judgment in both instances. Since there is no authority for the sua sponte entry of summary judgment in the absence of a pending motion, the APA's assignment of error is sustained.
 JUDGMENT REVERSED AND CAUSE REMANDED. JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.
[1] Civ.R. 12(B) states:
 Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted * * *.