JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants Mario and Ines Santora ("Santoras") appeal from the judgment of the trial court which dismissed their case against Defendant-appellee Charles Schalabba ("Schalabba") and granted Defendant-appellee City of Strongsville's ("Strongsville") Motion for Summary Judgment. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} The Santoras and Schalabba own neighboring property in the Bonnie Park Subdivision in Strongsville, Ohio. On August 31, 2000, Schalabba applied to Strongsville for a permit to erect a fence on the mutual boundary between his property and the Santoras. On September 7, 2000 the Santoras filed an objection with Strongsville regarding Schalabba's request for a permit. The Santoras also notified Schalabba that he would have to seek approval from the Board of Control of Bonnie Park Subdivision (hereinafter referred to as "the Board"). The Santoras also contacted the Board, which is the governing body established to uphold the restrictive covenants made among private landowners.
 {¶ 3} When Schalabba failed to seek approval from the Board, the Santoras raised the issue before the Board at a meeting in October. At that time, the Board unanimously agreed to deny Schalabba approval to erect the fence on his property. The Board thereafter notified Schalabba's counsel of its decision, citing the existence of a deed restriction relative to the erection of the fence. Restrictive Covenant No. 14 filed with the County Recorder of Cuyahoga County, reads: "Secondary buildings and fences may be permitted with the approval of the Board of Control as hereinafter set forth."
 {¶ 4} Schalabba allegedly disregarded the notice that the Board disapproved of the fence and continued to pursue his application with the Strongsville City Council.
 {¶ 5} The Santoras then filed a complaint against Schalabba and Strongsville on February 1, 2001 seeking a temporary restraining order against Schalabba from pursuing his application for a permit. The Santoras also sought both preliminary and permanent injunctions enjoining the issuance of a building permit. Schalabba filed a counterclaim seeking declaratory judgment and Strongsville filed a motion for summary judgment. The trial court denied the temporary restraining order in a journal entry dated February 2, 2001.
 {¶ 6} On June 26, 2001, the trial court directed both parties to submit Memoranda of Law in support of their respective positions. On July 2, 2001, Strongsville's City Council approved Schalabba's application to build a fence on his property. On August 23, 2001, the trial court dismissed the case against Schalabba stating that the Bonnie Park Subdivision Deeds were unenforceable because there was a waiver of restrictions. The court declared that Schalabba was entitled to erect a fence on his property. Furthermore, the trial court granted Strongsville's motion for summary judgment, finding the relief requested moot and Strongsville was not a proper party to the case. It is from this ruling that the Santoras now appeal, raising two assignments of error for our review.
 I. {¶ 7} THE TRIAL COURT ERRED AS A MATTER OF LAW BY DISMISSING THE INSTANT SUIT ON THE GROUNDS THAT BONNIE LANE SUBDIVISION DEED RESTRICTIONS ARE UNENFORCEABLE BECAUSE THEY WERE WAIVED.
 {¶ 8} The Santoras aver that the trial court, on its own volition and without any motions before it, dismissed the suit against Schalabba, and that it erred as a matter of law in finding the subdivision deed restrictions unenforceable due to waiver. We disagree.
 {¶ 9} The Rules of Civil Procedure neither expressly permit nor forbid courts to sua sponte dismiss complaints. Generally, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond. State ex rel. Edwards v. Toledo City Sch. Dist.Bd. of Educ. (1995), 72 Ohio St.3d 106; Mayrides v. Franklin Cty.Prosecutor's Office (1991), 71 Ohio App.3d 381, 383-384, 594 N.E.2d 48;Prosen v. Dimora (1992), 79 Ohio App.3d 120, 124, 606 N.E.2d 1050; Besserv. Griffey (1993), 88 Ohio App.3d 379, 623 N.E.2d 1326. However, some courts have recognized an exception to the general rule, allowing sua sponte dismissal without notice where the complaint is frivolous or the claimant obviously cannot possibly prevail on the facts alleged in the complaint. State ex rel. Edwards, supra. The standard of review when presented with a motion to dismiss predicated on Civ.R. 12(B)(6) is well established. The factual allegations of the complaint and items properly incorporated therein must be accepted as true. Furthermore, the plaintiff must be afforded all reasonable inferences possibly derived therefrom.Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. It must appear beyond doubt that plaintiff can prove no set of facts entitling her to relief. O'Brien v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus.
 {¶ 10} In Ohio, restrictive covenants become unenforceable when there has been a waiver or abandonment of the restrictions. Romig v.Modest (1956), 102 Ohio App. 225, 142 N.E.2d 555. To determine if there has been a waiver, the test is "whether there is still a substantial value in such restriction, which is to be protected." Id.; or whether the nature of the neighborhood has so changed that the restriction has become valueless to the property owners and as a result should not be enforced.Landen Farm Community Serv. Assn. v. Schube (1992), 78 Ohio App.3d 231,235-236, 604 N.E.2d 235.
 {¶ 11} In this case, it is undisputed that eleven of the fifty-two homes in the Bonnie Park Subdivision have fences similar to the one Schalabba intended to build and all were erected without prior approval from the Board of Control. The trial court was correct in determining that waiver of the deed restriction occurred considering the fact that over twenty percent of the residents in the neighborhood had constructed similar fences. The nature of the neighborhood had changed and the restriction had become valueless. We find that accepting all factual allegations of the complaint and affording all reasonable inferences therefrom, the trial court's determination to dismiss Santoras' complaint and to grant declaratory judgment allowing Schalabba to erect a fence on his property was proper.
 II. {¶ 12} THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING THE CITY OF STRONGSVILLE'S MOTION FOR SUMMARY JUDGMENT AFTER IT BLATANTLY CIRCUMVENTED THE LEGAL SYSTEM IGNORING THE PENDING MOTION FOR A PRELIMINARY INJUNCTION, ISSUED THE FENCE PERMIT, AND THEN FILED A MOTION FOR SUMMARY JUDGMENT ON THE GROUNDS THAT THE RELIEF REQUESTED WAS MOOT.
 {¶ 13} With regard to procedure, we note that this court reviews the lower court's grant of summary judgment de novo in accordance with the standards set forth in Civ.R. 56(C). North Coast Cable v. Hanneman
(1994), 98 Ohio App.3d 434, 440, 648 N.E.2d 875. In order for summary judgment to be properly rendered, it must be determined that:
 {¶ 14} (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party.
{¶ 15} Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267. See, also, State ex rel. Zimmerman v. Tompkins (1996),75 Ohio St.3d 447, 448, 663 N.E.2d 639. The burden of establishing that there are no genuine issues of material fact to be litigated is upon the party moving for summary judgment. Turner v. Turner (1993),67 Ohio St.3d 337, 340, 617 N.E.2d 1123. If the moving party meets this burden, the non-moving party must then produce evidence pursuant to Civ.R. 56 setting forth specific facts which show that there is a genuine triable issue. State ex rel. Zimmerman v. Tompkins, supra,75 Ohio St.3d at 449.
 {¶ 16} The Santoras allege that Strongsville, while a motion for a preliminary injunction was pending, issued a building permit to Schalabba and in doing so, they circumvented the legal system. A review of the record indicates that the temporary restraining order against Strongsville was denied on February 1, 2001. Since the court refused to enjoin Strongsville from issuing a permit, Strongsville had no legal obligation to withhold such a permit from Schalabba until such time as a preliminary or permanent injunction had been issued. There is no genuine issue as to any material fact and reasonable minds could come to but one conclusion that the relief requested of Strongsville was moot.
 {¶ 17} Furthermore, if Strongsville had been enjoined from issuing a building permit to Schalabba, the issue of whether the restrictive covenant contained in the deed was enforceable would still remain. Strongsville would have no authority to enforce a private deed restriction placed upon Schalabba's property. Willcott v. Beachwood
(1964), 175 Ohio St. 557, 197 N.E.2d 201. As such Strongsville was not a proper party to the case. Therefore, we affirm the trial court's granting of summary judgment to the City of Strongsville.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., AND COLLEEN CONWAY COONEY, J. CONCUR.