[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] Although appellant spells his name "Philip," the entry appealed from spells his name "Phillip," and hence we retain the misspelling in our caption.
 DECISION AND JUDGMENT ENTRY
{¶ 1} Respondent-Appellant Philip Kline appeals the judgment of the Lawrence County Court of Common Pleas, which granted Petitioner-Appellee Ted Sprouse's petition for a civil protection order against appellant. Appellant asserts two arguments: (1) his constitutional and statutory rights were violated, and (2) the trial judge was biased and should have recused himself or been disqualified.
 {¶ 2} For the reasons that follow, we affirm the judgment of the trial court.
 Statement of Facts and Procedural Posture {¶ 3} On July 18, 2001, Petitioner-Appellee Ted Sprouse filed a petition with the Lawrence County Court of Common Pleas seeking a civil protection order against Respondent-Appellant Philip Kline. Appellee asserted in his petition that appellant engaged in acts of "menacing by stalking."
 {¶ 4} Apparently, appellee purchased certain real estate that once belonged to appellant at a sheriff's sale and placed the title to that property in his daughter's name. During a conversation, appellant told appellee that he should not have bought the property and implied threats against appellee's daughter. Appellant videotaped appellee and his family when they started working on the property, and on several occasions, appellant made menacing hand gestures to appellee and his family, implying that he had a firearm and would harm appellee or his family. Appellant also followed appellee on public roadways.
 {¶ 5} The trial court granted appellee's petition on a temporary basis and scheduled a hearing on the petition. Prior to the hearing, appellant filed a document entitled, "Request for Judicial Notice." In the document, appellant challenged the veracity of appellee's claims and asserted that he had been assaulted by appellee the day before the petition was filed.
 {¶ 6} On August 15, 2001, the trial court held a hearing at which it took testimony from both appellant and appellee. At the conclusion of the hearing, the trial court ruled in appellee's favor, granting appellee's petition for a civil protection order against appellant. The trial court ordered appellant not to come within one thousand feet of appellee or his family for a period of five years.
 {¶ 7} Following its ruling, the trial court asked if there were any questions. Appellant responded by stating, "Sir, I disagree. And I feel that by you sitting on the case and being my attorney, that my case is prejudiced. And I'd like for it to be known on the record." The trial court responded, "You're raising that after the case is over." The trial judge then acknowledged that several years ago he had been appellant's attorney, but that that prior relationship had nothing to do with the case he had just heard or the ruling he had just rendered.
 The Appeal {¶ 8} Appellant timely filed his notice of appeal and presents the following assignments of error for our review.[3]
 {¶ 9} First Assignment of Error: "The lower court did error [sic] by failing to apply appellants [sic] constitutional rights, Ohio 1851, Article I, Section I, Inalienable Rights and Article I, Section 2, Equal Protection And Benefit; Article I, Section 5, Right Of Trial By Jury; Article I, Section 16, Redress For Injury; Due Process."
 {¶ 10} Second Assignment of Error: "The lower court did error [sic] by failing to apply the Code Of Judicial Conduct, pursuant to: Canon 1. `A judge shall uphold the integrity and independence of the judiciary; [sic] Canon 3. `A judge shall perform the duties of judicial office impartially and diligently.[sic]"
 {¶ 11} Third Assignment of Error: "The lower court did error [sic] when it acted contrary to the `clean hands doctrine'."
 {¶ 12} Fourth Assignment of Error: "The lower court did error [sic] when it failed to provide appellant his basic fundamental right of redress."
 {¶ 13} Fifth Assignment of Error: "The lower court did error [sic] by failing to recuse himself due to past conflicts with appellant, i.e., self interest, bias or prejudice."
 {¶ 14} Appellant's assignments of error assert two separate arguments. In his First Assignment of Error, appellant asserts that his constitutional and statutory rights were violated. The remaining assignments of error assert that the trial judge should have recused himself. On these bases, appellant concludes that the judgment of the trial court should be reversed. We address each of these arguments seriatim.
 I. Violations of Constitutional and Statutory Rights {¶ 15} Appellant asserts that his constitutional and statutory rights were violated. Appellant's entire argument concerning this assertion is as follows: "The lower court did error [sic] by failing to recognize the socioeconomic status of appellant, due to his self representation [sic]. Constitutional and statutory violations have occurred during the hearing."
 {¶ 16} We are at a loss as to what constitutional or statutory violations occurred during the hearing. Appellant utterly fails to delineate those violations or point to parts of the record that illustrate any such violations.
 {¶ 17} "Another problem with appellants' brief is that we have great difficulty gleaning the precise nature of the contested issues that appellants wish to present on appeal. This Court has a long history of leniency to pro se litigants. See Besser v. Griffey (1993),88 Ohio App.3d 379, 382, 623 N.E.2d 1326; State ex rel. Karmasu v.Tate (1992), 83 Ohio App.3d 199, 206, 614 N.E.2d 827. There is alimit, however. We may not conjure up questions never squarely asked, or construct full blown arguments from convoluted reasoning. Whittington v.Kudlapur , Hocking App. No. 01CA1, [2001-Ohio-2525]; Conley v. Willis, Scioto App. No. 00CA2746, [2001-Ohio-2410]; Burns v. Webb (Oct. 9, 1998) Athens App. No. 97CA45. (Emphasis added.) Nichols v. Arnold, Washington App. No. 01CA9, 2001-Ohio-2645.
 {¶ 18} Accordingly, we refuse to speculate as to appellant's argument concerning this assignment of error. Thus, we overrule appellant's First Assignment of Error.
 II. Disqualification or Recusal {¶ 19} Appellant's remaining assignments of error assert that the trial judge should have recused himself from hearing the petition for a civil protection order. However, this is not the type of issue we review on appeal. See Nichols v. Arnold, supra, fn. 7.
 {¶ 20} Regarding bias of trial judges, this court has previously held that:
 {¶ 21} "[An] appellant must make such a challenge under the provisions of R.C. 2701.03, which requires an affidavit of prejudice to be filed with the Supreme Court of Ohio. See Beer v. Griffith (1978), 54 Ohio St.2d 440, 377 N.E.2d 775 (explaining that, `since only the Chief Justice or his designee may hear disqualification matters, [courts of appeals are] without authority to pass upon disqualification or to void the judgment of the trial court upon that basis')." Baker v. Ohio Dept. of Rehab. and Corr., 144 Ohio App.3d 740, 754-755, 2001-Ohio-2553, 761 N.E.2d 667.
 {¶ 22} Accordingly, we find that appellant's argument, that the trial judge should have been disqualified, is not properly raised before us. We note however, that in the case sub judice, appellant made no attempt to seek the trial judge's disqualification or comply with the statutory requirements of R.C. 2701.03. In fact, appellant waited for the trial court's ruling before ever raising the potential bias of the trial judge. Thus, we overrule appellant's remaining assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
Abele, P.J., and Harsha, J.: Concur in Judgment and Opinion.
[3] We note that approximately two weeks after filing his notice of appeal, appellant filed another document entitled, "Judicial Notice." This filing asserts several reasons why the trial court judge should have recused himself. We are precluded from considering or relying on this evidence. See State v. Ishmael (1978), 54 Ohio St.2d 402, 377 N.E.2d 500
(holding that, "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.").