DECISION
{¶ 1} Defendant-appellant, Ohio Adult Parole Authority ("OAPA"), appeals from a judgment of the Franklin County Court of Common Pleas ordering OAPA to reschedule the parole hearing of plaintiff-appellee, Robert Harris, from July 2006 to June 2005. OAPA assigns a single error:
The Trial Court erred by sua sponte and without prior notice entering judgment for the Plaintiffs.
Because the trial court erred in entering final judgment without providing OAPA notice of the court's intent to consider such action and without an opportunity for OAPA to address the merits of the trial court's proposed action, we reverse.
 {¶ 2} On January 6, 2004, plaintiff filed a complaint for declaratory judgment and injunctive relief in the Franklin County Court of Common Pleas, seeking that the court "declare unconstitutional certain practices and procedures of the Adult Parole Authority * * * and Central Office Board Review Committee * * * employed during Plaintiff's parole hearing for determination of whether to grant or deny parole." While acknowledging plaintiff has no statutory or constitutional right to parole, plaintiff's complaint challenged OAPA's modification of his next parole hearing date.
 {¶ 3} Specifically, plaintiff contended that for purposes of determining his parole eligibility, he was assigned a Category 10 under OAPA guidelines. According to plaintiff, the assignment was based on the charges in the indictment, even though plaintiff entered a plea to only one count of the two-count indictment. Plaintiff alleged he should have been placed in Category 9 based on his negotiated plea, but because he was assigned an improper offense category, his August 28, 2002 appearance before the parole board resulted in a continuance until June 2005.
 {¶ 4} The complaint further alleged that in July 2003, plaintiff was taken before the parole board for a Layne review pursuant to the Ohio Supreme Court's decision in Layne v. OhioAdult Parole Auth., 97 Ohio St.3d 456, 2002-Ohio-6719. At that time, OAPA placed plaintiff in Category 9, but also decided to continue his parole hearing until July 2006. Thus, even though OAPA corrected plaintiff's category assessment by assigning plaintiff a lower offense category, OAPA added an additional year to his next scheduled hearing.
 {¶ 5} Plaintiff's complaint sought a declaratory judgment that OAPA's practices and procedures violated his constitutional rights under the Ohio and United States Constitutions. He further sought a preliminary or permanent injunction that prohibited OAPA from increasing the time until his next hearing and required OAPA to schedule plaintiff for a parole hearing in June 2005.
 {¶ 6} In response, OAPA filed a motion to strike the complaint, or in the alternative, a motion to dismiss. OAPA's motion was premised on (1) plaintiff's being represented by counsel in a class action pending in the common pleas court which raised the same claims asserted in this action, and (2) the complaint's failing to state a claim against OAPA on which relief can be granted.
 {¶ 7} On April 13, 2004, the trial court entered its "Decision Denying Defendant's Motion to Strike Complaint and Decision Granting in Part and Denying in Part Defendant's Motion to Dismiss and Final Entry Ordering Defendant to Reschedule Parole Hearing." The trial court denied the motion to strike because, even though plaintiff fell into the class defined in the case then pending in the common pleas court, "it is not clear that Harris's complaint is identical or substantially similar to the class action. Unlike the complaint in the class action, Harris is not claiming a breach of his plea agreement. Instead, Harris acknowledges that the Parole Board remedied his offense categorization pursuant to the Layne decision, but unfairly punished him by moving the time for his reconsideration hearing back one year." (Decision, at 3.)
 {¶ 8} The trial court also denied in large part OAPA's motion to dismiss, finding plaintiff "raises potential due process concerns." (Decision, at 4.) The court, however, granted the motion to dismiss the third count of plaintiff's complaint in which plaintiff alleged "that since his Category has been lowered and that Category reflects a guideline range of (108-144) months, plaintiff has exceeded the maximum range for eligibility for parole." (Complaint, at 5.) As the court explained, plaintiff became eligible for parole at his first parole hearing on August 28 and remains eligible until the expiration of his sentence.
 {¶ 9} In its decision, however, the court found that plaintiff "through no fault of his own, was required to participate in a parole hearing one year after his initial parole hearing, and was again denied parole, thereby pushing his date for rehearing back one year, to July 2006 and leading to the present claim. Because of this inequity, the Court orders the Ohio Adult Parole Authority to change the Defendant's next parole hearing date to June 2005 as originally scheduled. Compliance with this order should satisfy all claims. It is so ordered." (Decision, at 5.)
 {¶ 10} In response, OAPA filed a "Proffer," with attached documents, which it contended would have established the existence of questions of fact about the propriety of the trial court's decision. Two days later, it filed a notice of appeal from the trial court's judgment.
 {¶ 11} In its single assignment of error, OAPA contends the trial court erred in granting relief to plaintiff when (1) plaintiff had no motion seeking affirmative relief on his complaint, and (2) OAPA was not given notice that the trial court was considering affirmative relief on plaintiff's complaint and thus was deprived of the opportunity to litigate the issue.
 {¶ 12} At first blush, we are unable to readily perceive a rationale justifying OAPA's actions in delaying plaintiff's next parole hearing one year as a result of a review hearing that corrected OAPA's own error in categorizing plaintiff's offense. We nonetheless are compelled to reverse the judgment. Although the trial court did not specify the procedural premise for granting judgment under the factual circumstances of this case, a number of possibilities exist. Under each, OAPA was entitled to notice before the trial court acted, and thus the trial court erred in failing to provide OAPA the requisite notice.
 {¶ 13} Specifically, the trial court potentially could have acted under Civ.R. 12(C), but a number of problems exist in that analysis. Initially, the pleadings were not closed, as OAPA had filed only a motion to dismiss in response to plaintiff's complaint. Moreover, a motion for judgment on the pleadings would be served on the opposing party, thus giving the party notice that the trial court was being asked to consider judgment on the pleadings. Here, because plaintiff had not filed a motion for judgment on the pleadings, OAPA did not receive notice that a judgment could be rendered under Civ.R. 12(C). The failure to grant notice and an opportunity to be heard on a Civ.R. 12(C) motion is reversible error. State v. Ramey (Sept. 3, 1999), Clark App. No. 99CA0002.
 {¶ 14} While Civ.R. 37(B)(2)(c) allows the trial court to grant judgment for certain discovery infractions, the matter before the trial court had not progressed to the discovery stage, no motion to compel had been filed, and the trial court had issued no order with which OAPA failed to comply. As a result, Civ.R. 37 provides no support for the trial court's order.
 {¶ 15} Similarly, although Civ.R. 55 allows the trial court to grant judgment by default, Civ.R. 55 fails to support the trial court's actions. OAPA was not in default, as it filed a motion to dismiss allowed under Civ.R. 12(B). Moreover, nothing in the record suggests plaintiff moved for a default judgment. Again, the absence of a motion requesting default relief with the resulting absence of service on OAPA, deprived OAPA of notice and an opportunity to be heard. See Civ.R. 55(A) (requiring all parties who appeared in the action to be given "written notice of the application for judgment at least seven days prior to the hearing on the application").
 {¶ 16} Civ.R. 56 also provides no support for the trial court's actions. Plaintiff did not seek relief under Civ.R. 56, and judgment to plaintiff under Civ.R. 56 in the absence of notice to OAPA is reversible error. Vesser v. Griffey (1993),88 Ohio App.3d 379, 383. For the same reasons, the trial court's judgment is not proper under Civ.R. 65. Pursuant to that rule, and apart from temporary restraining orders not at issue here, prior notice and an opportunity to be heard are prerequisites to a trial court's granting injunctive relief. See Civ.R. 65(B) (providing that "[n]o preliminary injunction shall be issued without reasonable notice to the adverse party").
 {¶ 17} Because OAPA was not given notice and an opportunity to be heard on whether the trial court properly could grant affirmative relief to plaintiff, the trial court erred in doing so. Accordingly, we sustain OAPA's single assignment of error, reverse the judgment of the trial court, and remand for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
Brown and McCormac, JJ., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.