## MILLER-JONES CO. v OCEAN ACCIDENT & GUARANTEE CORP.

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3028.　Decided Oct. 9, 1939.

Vorys, Sater, Seymour & Pease, Columbus, and Carl Tangeman, for plaintiff-appellant.

James I. Boulger, Columbus, and Vernon W. Wenger, for defendant-appellee.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from the judgment of the Common Pleas Court following the sustaining of demurrer to plaintiff's petition on an appeal from the Municipal Court of Columbus.

Plaintiff operates retail shoe stores in many localities throughout the United States and was the insured in a policy issued by the defendant company, which policy was in force and effect when the plaintiff at one of its stores received in the course of business at said store a forged twenty dollar federal reserve bank note.

Plaintiff instituted its action against the defendant setting up the receipt of the forged federal reserve note in one of its stores in the course of business, and claimed that by virtue of the policy with the defendant it was indemnified against the loss which it suffered. The clause of the policy under which plaintiff claims the right to recover and which we are required to construe is as follows:

"Section B. To indemnify the Insured against any losses, not exceed-

ing in the aggregate the amount hereinafter set forth, which may be sustained through the receipt by the Insured, in good faith, during the term of this policy, at any of the Insured's offices covered under Indemnity Section B, in exchange for personal property sold and delivered and/or in payment for services rendered, of any check or draft drawn upon or by any bank, or of any check or draft drawn by any corporation upon itself, **or of any check or written order or direction to pay a sum certain in money, drawn by any public body upon itself,** or of any warrants drawn by any public body;

(1) Upon which the signature of the maker or drawer (an existing firm, corporation or public body) or the certificate of acceptance of the drawee, shall have been forged  *  *  *."

That portion of the section which we have emphasized includes the language which plaintiff asserts characterizes the forged federal reserve note through which it suffered its loss.

It is the claim of the plaintiff that the federal reserve bank note is a written order or written direction to pay a sum certain in money drawn by a public body, namely, the treasury of the United States, upon itself. The defendant asserts that the paper was not a written order or direction because such words imply the existence of three separate agencies, a drawer, a receiver and a payer; that Section B did not include in terms a "note" which the forged federal reserve bank instrument is, and that, if forged legal tender or money had been in contemplation of the parties it would have been described in other and more exact terms.

If the language employed in the policy by its terms includes the forged instrument which plaintiff accepted, then, although it may not therein be designated as money, legal tender or note, the plaintiff is entitled to recover. The failure to so characterize the instrument is only helpful in arriving at the true meaning of the contract, (namely,

the policy,) which is the obligation of the court.

Further, the contract between the parties must be construed in the light of business usage and the probabilities of the meaning of the language employed.

The policy in Schedule B. defines the instruments included therein as "any check or written order or direction  *  *  * drawn by any public body upon itself". The words, "order or direction" ordinarily denote that which one requires another to do and are not commonly used where the maker of the instrument and the payer would be one and the same person. But this inconsistency is contemplated by the language employed because it speaks of a written order or direction drawn by any public body upon itself. We presume an illustration of such a direction would be where an auditor of a county would draw an order upon the treasurer of that entity to pay a sum of money to one designated in the order. In this situation the authority which draws the order is the same as that which is to pay it but technically, according to the form of the instrument, the auditor is the drawer and the treasurer, the drawee. The order is not in form drawn by the public body on itself.

We hold that the bank note under consideration in this case is an order drawn by a public body upon itself.

The federal reserve note says, "this note is legal tender for all debts, public and private, and is redeemable in lawful money". If it is redeemable "in lawful money" it may be assumed that technically it is not lawful money, but certainly it is money.

Money is defined by Webster as,

"Any particular form or denomination of coin or paper which is lawfully current as money. Any written or stamped promise or certificate, such as a government note or bank note (often called paper money) which passes currently as a means of payment."

In Armstrong v Hamstreet, 22 Ont. 336, 340,

"Anything which passes current as the common medium of exchange and measure of value for other articles, whether it is bills of private or incorporated banks or government bills of credit."

And it is said in 36 C. J. 968, that the weight of authority now is that bank notes are money. Citing among other cases, State v Finnegan, (Iowa Sup. Court), 103 N.W., 156, where it was held that a charge of embezzlement of lawful money was supported by proof of embezzlement of bank notes. In the opinion at page 157, it is said,

"Current convertible bank paper has been invariably held both in Europe and the United States, to be good legal tender in payment of debts, unless it be objected to upon the ground that it is not gold and silver."

In Ohio, as relates to taxation, money is defined by §5326, GC, and includes federal reserve notes.

If a federal reserve bank note were tendered to the United States treasury, in what medium would it be redeemable? Frankly, we do not know. Probably in Treasury and United States notes. It could not be in gold. However, this is not material because the section of the policy under consideration employs the word "money" and not "lawful money".

So that in the most favorable interpretation for the plaintiff the most that can be said for the language on the federal reserve note is that it was an order to pay a sum certain in "lawful money" as distinguished from "money". When the plaintiff received the note if it had been genuine he would have received "money", not an order for money, and nothing other or further was to be done with the note to constitute it a sum certain in money. When, then, the language which we find in Sched-

ule B was employed it was not contemplated that it would cover a counterfeit federal reserve note.

The judgment will be affirmed.

GEIGER and BARNES, JJ., concur.