AETNA CASUALTY & SURETY
COMPANY, APPELLEE, *v.*
ROLAND, APPELLANT.

(No. 87AP-419—Decided
March 29, 1988.)

*Wiles, Doucher, Van Buren & Boyle Co., L.P.A.,* and *Craig D. Andrew,* for appellee.

*Robert N. Black, Jr. Co., L.P.A., Robert N. Black, Jr.* and *L. Bernard LaCour,* for appellant.

STRAUSBAUGH, J. This is an appeal by defendant from two summary judgments entered in favor of plaintiff by the court of common pleas. Despite defendant's motion to assign this to the accelerated calendar, in consideration of its precedential value and the unique issues involved, this appeal is assigned *sua sponte* to the regular calendar pursuant to App. R. 11.1 and Loc. R. 4 of the Tenth District Court of Appeals.

Plaintiff's Civ. R. 56 motions were granted in a declaratory judgment action in which plaintiff sought a declaration that defendant had no insurance coverage under a policy issued by plaintiff and that defendant was liable to plaintiff for the full amount of a promissory note assigned to plaintiff for which defendant was the maker.

Defendant, Herbert G. Roland, purchased a single-engine aircraft on September 18, 1982 for approximately $23,000. Defendant funded the purchase via a loan of $18,000 which was secured by a promissory note and evidenced by a security agreement. The security agreement required that the loan be repaid in sixty monthly installments of $449.22, commencing October 5, 1982. Although defendant held a private pilot's license, he had only seventy-five hours' total flying time. Accordingly, when defendant made application for aircraft insurance through the United States Aircraft Insurance Group ("USAIG"), defendant was required to complete "10 hours of dual instruction with a Certified Flight Instructor in Piper Arrow Aircraft." Plaintiff, Aetna Casualty and Surety Co. ("Aetna"), is a member and nominee of USAIG and issued the policy under which defendant was insured. Apparently, although defendant did not sign his application for insurance until September 27, 1982, Aetna had issued the policy for $23,000 on September 17, 1982 pursuant to a binder.

The aircraft crashed on September 18, 1982 near Prescott, Arizona, while defendant was flying the plane alone from San Jose, California to Columbus. As a result of the accident, the air-

craft sustained extensive damage. Aetna, believing that defendant had breached the terms of his application for insurance, paid to the lien holder the amount of defendant's promissory note pursuant to a standard breach of warranty endorsement in favor of lien holders. Upon satisfaction of the claim made by the lien holders, the promissory note was assigned to Aetna. The aircraft was then sold for salvage and the net proceeds of the sale, $4,383.85, were received by Aetna leaving a maximum net potential liability on the promissory note of $13,689.15.

Plaintiff then initiated the instant cause seeking a declaration that defendant was not covered by the insurance policy and seeking to recover from defendant the full amount of the promissory note plus accrued interest. Aetna moved for partial summary judgment on the declaratory judgment action on July 18, 1984. The basis for the motion, which sought a declaration that plaintiff was not liable on the insurance policy to defendant, was premised on defendant's implied admissions to plaintiff's request for admissions. It was plaintiff's position that defendant had failed to comply with a term in the policy regarding flight instruction for the aircraft. The trial court, on February 6, 1985, entered summary judgment in favor of Aetna finding that there was no insurance coverage for the flight of September 18, 1982, during which the aircraft crashed. Defendant's appeal to this court was dismissed as premature.

Subsequently, on April 10, 1985, Aetna moved for summary judgment on the issue of defendant's liability on the promissory note. Defendant failed to respond to the motion. The trial court granted summary judgment in plaintiff's favor in the amount of $39,391.65 on April 9, 1987. Defendant now appeals and asserts four errors:

"1. The trial court erred in find-ing that there were no genuine issues of material fact with respect to the issue of policy coverage.

"2. The trial court erred in granting a partial summary judgment in favor of plaintiff on the issue of policy coverage.

"3. The trial court erred in granting plaintiff summary judgment against defendant-appellant on the promissory note.

"4. The trial court erred in granting summary judgment on the promissory note against defendant-appellant in the amount of $39,391.65."

Although defendant assigns four errors for our review, he raises essentially two issues. First, defendant maintains that the trial court erred in rendering summary judgments on plaintiff's motions since there were genuine disputes as to material issues of fact. Second, defendant argues that even if the summary judgments in plaintiff's favor were appropriate, the trial court nevertheless erred in awarding plaintiff $39,391.65 since there was no evidence to support this amount.

It is defendant's position, with respect to the former issue, that the trial court had before it conflicting evidence as to whether defendant was covered by the insurance policy. Specifically, defendant asserts that the coverage provision of the policy was vague and that the evidence before the trial court suggested more than one interpretation of that provision.

The provision of the policy pertinent to this appeal states:

"The 'Pilots' section shown on the Coverage Summary Page shall read as follows:

" 'Pilots'

"A) Herbert Roland holding an FAA Private Pilot Certificate provided he has received 10 hours of dual instruction with a Certified Flight Instructor in Piper Arrow Aircraft."

Plaintiff maintains on appeal, as it did before the trial court, that the evidence was uncontroverted that defendant had only six hours of dual instruction with a certified flight instructor prior to the accident. Specifically, plaintiff relied on certain requests for admission which defined "dual instruction" as the operation of an aircraft with a certified flight instructor on board, which flight must be logged in a pilot flight log. Since defendant did not timely respond to plaintiff's requests for admissions, plaintiff argues that the requests were deemed admitted pursuant to Civ. R. 36(A). As such, plaintiff concludes that there was no dispute that defendant had not complied with the ten-hour requirement for coverage.

We note initially that defendant did tender, albeit untimely, his responses to plaintiff's discovery requests approximately fifty days prior to the scheduled trial date, three months prior to plaintiff's motion for summary judgment and approximately nine months prior to the trial court's rendition of judgment in plaintiff's favor. Moreover, the trial court never indicated, despite a second motion by defendant, whether it had considered defendant's responses as properly filed. Given this state of the record, we are constrained to conclude that defendant's responses were properly before the court of common pleas on plaintiff's motion for summary judgment as to policy coverage.

It is beyond dispute that presentation of the merits would be furthered by allowing defendant to file his untimely responses. Defendant had denied the substance of the requested admissions, which went to the heart of plaintiff's claims, by his answers to the complaint. Additionally, plaintiff failed to demonstrate that it would have been prejudiced by allowing defendant to file his answers as of April 16, 1984, which was more than fifty days prior to the scheduled trial date. See Civ. R. 36(B). Cf. *Balson* v. *Dodds* (1980), 62 Ohio St. 2d 287, 16 O.O. 3d 329, 405 N.E. 2d 293. Given these factors, we find that the trial court abused its discretion when it failed to rule on defendant's motions. Clearly, the motions were timely and set forth good cause for allowing defendant to withdraw or amend his responses.

Having disposed of the issue concerning the timeliness of defendant's responses to plaintiff's request for admissions, we turn now to the issue of whether the trial court properly granted summary judgment on the issue of coverage. Generally, summary judgment is appropriate only where reasonable minds could conclude, based on the evidence before the trial court, that no dispute exists as to a material issue of fact. Civ. R. 56(C).

Since the resolution of this case turns on the policy phrase "* * * 10 hours of dual instruction with a Certified Flight Instructor in Piper Arrow Aircraft," the definition of the term "dual instruction" is clearly a material issue in this matter. Since this term is not defined within the policy, the parties essentially request that this court interpret the term.

Normally, if a term within a policy of insurance is not defined by the contract, the term is to be given its plain, ordinary meaning. *Olmstead* v. *Lumbermens Mut. Ins. Co.* (1970), 22 Ohio St. 2d 212, 51 O.O. 2d 285, 259 N.E. 2d 123. Where words in the policy have a plain or ordinary meaning, a court may not construe the words differently. *Id.* at 216, 51 O.O. 2d at 288, 259 N.E. 2d at 126. However, if the term has a special meaning within a particular trade or industry which is not reflected on the face of the agreement, courts may resort to extrinsic evidence to establish that meaning. *Merchants' & Manufacturers' Ins. Co.*

v. *Shillito* (1864), 15 Ohio St. 559, 566; *Miller-Jones Co.* v. *Ocean Accident & Guarantee Corp.* (App. 1939), 30 Ohio Law Abs. 649, 650; cf. *Alexander* v. *Buckeye Pipe Line Co.* (1978), 53 Ohio St. 2d 241, 7 O.O. 3d 403, 374 N.E. 2d 146, paragraph three of the syllabus.

Here, the term "dual instruction" has no common or plain meaning. The term could refer to instruction given in aircraft with dual instruments, to instruction given for dual engine aircraft, to instruction given by an instructor in the cockpit, to instruction given while the pilot is the sole occupant of the cockpit or to ground instruction. As the parties have agreed, by way of plaintiff's admissions to defendant's Civ. R. 36 requests, the term is not defined by the Federal Aviation Administration Aeronautics and Space Regulations, which regulations have been adopted in Ohio. R.C. 4561.05. Nor can the term be defined by reference to the remainder of the phrase "* * * with a Certified Flight Instructor in Piper Arrow Aircraft." Arguably, this portion of the sentence renders the term "dual instruction" even less understandable.

Given the absence of a plain meaning or statutory definition, we find that the term must be defined by reference to extrinsic evidence. Such evidence presumably will look to trade usage or industry practice. However, that issue is one which requires the taking of evidence in order to properly ascertain the meaning of the term. Accordingly, the trial court erred in rendering summary judgment in plaintiff's favor as to the issue of policy coverage inasmuch as a question of fact exists as to the meaning of a material contract term. Defendant's first and second assignments of error are sustained.

Since the second summary judgment was predicated upon the determination that defendant was not covered by the policy, the common pleas court also erred in this regard.

Having concluded that there exists a question of fact as to whether defendant was covered by the policy on the date of the accident, we further find that the summary judgment in plaintiff's favor on the promissory note was also erroneous. Although it may well be that defendant was not covered by the policy of insurance, that determination must first be made before defendant's liability to plaintiff on the note can be established. As such, defendant's third assignment of error is sustained.

Under his fourth assignment of error, defendant challenges the propriety of the trial court's award to plaintiff in the amount of $39,391.65. Defendant contends that this amount is unsupported by the evidence. Plaintiff argues, however, that since defendant failed to respond to its proposed judgment entry, pursuant to the local rule of the Franklin County Court of Common Pleas, defendant is estopped from disputing the amount in the entry.

We note that defendant's argument regarding the amount of the verdict does not question whether the journal entry properly reflects the trial court's decision. Rather, defendant's position is that the award is unsupported by the evidence. As such, plaintiff's reliance on the local rule is misplaced. See Loc. R. 39.01 of the Court of Common Pleas of Franklin County, General Division, and *In re Guardianship of Johnson* (1987), 35 Ohio App. 3d 41, 43, 519 N.E. 2d 655, 658.

Although any error with respect to the amount of plaintiff's award is nonprejudicial to defendant in light of our disposition of this cause, we nevertheless conclude that the common pleas court erred in rendering judgment for plaintiff in the amount of $39,391.65. Clearly, the note required defendant to repay the note over five years, commencing October 5, 1982, at the rate of $449.22 per month. Defendant's total

indebtedness on the note, interest included, was $26,953.20. The note, however, provided that in the event of default, defendant's liability was for the "entire unpaid balance of the amount financed * * *." In that event, interest was to be accrued daily on the unpaid balance at the rate of seventeen percent per year. Plaintiff's calculations, submitted with its Civ. R. 56 motion, revealed that defendant's total liability on the note as of March 15, 1985 was $20,639.53. Using that figure to calculate defendant's liability from March 15, 1985 through the date of judgment, April 9, 1987, the total then due and owing plaintiff on the note was approximately $28,000. As such, even assuming that plaintiff's figures are mathematically accurate, the verdict was totally unsupported by any evidence in the record. However, in light of our disposition of this matter under defendant's first, second and third assignments of error, this error was nonprejudicial. Accordingly, defendant's fourth assignment of error is overruled as premature.

Defendant's first, second and third assignments of error are sustained, while the fourth assignment of error is overruled. The judgment of the court of common pleas is therefore reversed and this matter is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

WHITESIDE, P.J., and BRYANT, J., concur.