{¶ 46} I concur with the majority's disposition of appellant's First and Fourth Assignments of Error. I also concur with the majority's disposition of appellant's Third Assignment of Error, but do so for a different reason. However, I respectfully dissent from the majority's analysis and conclusion as it pertains to appellant's Second Assignment of Error.
 II {¶ 47} In its analysis of appellant's Second Assignment of Error, the majority adheres to the standard set forth in Civ.R. 36(B) and concludes that the rules make no mention of an "excusable neglect" analysis when determining whether to allow a party to withdraw admissions previously deemed admitted. Majority Opinion at ¶ 17.
 {¶ 48} I agree that Civ.R. 36(B) makes no mention of an "excusable neglect" standard, however, the Ohio Supreme Court has recognized that "[u]nder compelling circumstances, the court may allow untimely replies to avoid the admissions." Willis, supra, at 67. Thus, in addition to the requirements of Civ.R. 36(B), the Ohio Supreme Court also requires that the party moving to withdraw the admissions set forth "compelling circumstances" in support of the request to withdraw.
 {¶ 49} Therefore, according to the Willis decision and Civ.R. 36, I find that if the party seeking to withdraw the admissions sets forth "compelling circumstances" for the late filing of the answers to the requests for admissions, the trial court must next determine whether the withdrawal of the admissions will aid in presenting the merits of the case. Id. Finally, if the trial court determines that withdrawal of the admissions will aid in the presentation of the case, the burden shifts to the party who obtained the admissions to establish that withdrawal will prejudice him or her in maintaining their action. Id.
 {¶ 50} The following cases have used the "compelling circumstances" analysis: Albrecht, Inc. v. Hambones Corp., Summit App. No. 20993, 2002-Ohio-5939, at ¶ 15; Natl. City Bankv. Moore (Mar. 1, 2000), Summit App. No. 19465, at 2; Amer,Cunningham, Brennan, Co. L.P.A. v. Sheeler (Apr. 28, 1999), Summit App. No. 19093, at 2; Sullinger v. Moyer (Aug. 6, 1997), Mahoning App. No. 96 C.A. 152, at 8; Loveday v. Wolny (July 16, 1997), Medina App. No. 2617-M, at 3; Mgmt. Recruiters-Southwestv. Holiday Inn-Denver (Apr. 23, 1997), Medina App. No. 2582-M, at 2; Colopy v. Nationwide Ins. Co. (Aug. 23, 1995), Summit App. No. C.A. No. 17019, at 2; Kurelov v. Szabo (Sept. 8, 1994), Cuyahoga App. No. 66292, at 3; and Gwinn v. Dave DennisVolkswagen (Feb. 8, 1988), Greene App. No. 87-CA-56, at 3.
 {¶ 51} Further, it is within the trial court's discretion whether or not to accept the filing of late admissions. AetnaCas. Sur. Co. v. Roland (1988), 47 Ohio App.3d 93, 95. Accordingly, an appellate court is not to disturb a trial court's decision unless the trial court abused its discretion. In order to find an abuse of discretion, the trial court's decision must be found to have been unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 52} In the case sub judice, the trial court noted that it was first required to determine whether or not there is a compelling reason to accept appellee's late responses to the requests for admissions. Judgment Entry, Oct. 18, 2004, at 2. The trial court found that appellant failed to provide it with any explanation whatsoever as to why the responses to the requests for admissions were late. Id. Thus, the trial court concluded that appellant failed to set forth any compelling circumstances to allow the untimely filing of appellant's responses. Id.
 {¶ 53} I agree with the trial court's analysis of this matter. Appellant did not offer any evidence to justify the late filing of his answers to appellee's requests for admissions. On appeal, appellant claims the trial court erred in denying his motion to withdraw admissions because he was not required, by case law or the Rules of Civil Procedure, to set forth a compelling reason for the untimely responses. Appellant also claims a compelling reason would only be necessary if appellee had established some prejudicial impact resulting from granting the motion to withdraw admissions. I disagree with appellant's argument based upon the Ohio Supreme Court's analysis inWillis.
 {¶ 54} A close reading of the Willis case establishes that the court, in Willis, first looked at whether Willis justified his dilatory response to the requests for admissions. Willis at 67. The Court found Willis failed to set forth a compelling reason for the late filing of the responses although Willis claimed he was ill and believed that he had thirty-two days to respond instead of twenty-eight. Id. at 67-68. Once the Court determined Willis failed to set forth a compelling reason for the late filing of the responses, it concluded its analysis and affirmed the decision of the trial court admitting the requests for admissions. Id. at 69.
 {¶ 55} Similarly, in the case sub judice, appellant failed to set forth any reason(s) for the late filing of his responses to appellee's requests for admissions. As such, I would overrule appellant's Second Assignment of Error and conclude the trial court did not abuse its discretion when it denied appellant's motion to withdraw admissions.
 I, III {¶ 56} As noted above, I concur with the majority's decision denying appellant's First Assignment of Error that concluded the trial court properly denied appellant's motion to dismiss. I also concur with the majority's disposition of appellant's Third Assignment of Error, but for a different reason. The majority finds summary judgment may have been inappropriate because withdrawal of the admissions, by the appellant, may create a genuine issue of material fact. Majority Opinion at ¶ 37.
 {¶ 57} Since I would affirm the trial court's decision to deny appellant's request to withdraw admissions, I find the trial court could grant appellee's motion for summary judgment based upon the admissions. However, the record indicates that the parties failed to make the admissions a part of the record. Therefore, the court cannot review the admissions in order to determine whether the trial court properly denied appellee's motion for summary judgment. As such, I would reverse the trial court's decision granting appellee's motion for summary judgment. Because the request for admissions are not part of the record, appellee failed to meet his burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.
 {¶ 58} Accordingly, I agree with the majority that the trial court erred when it granted appellee's motion for summary judgment.
 IV {¶ 59} I concur in the majority's decision overruling appellant's Fourth Assignment of Error based upon appellant's failure to set forth an argument as required by App.R. 16(A)(7).
 {¶ 60} I would affirm the trial court's judgment, in part, and reverse in part.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part and reversed in part. The case is remanded to the Stark County Court of Common Pleas for proceedings in accordance with this opinion.
Costs assessed to be split equally between the parties.