OPINION *Page 2 
{¶ 1} Plaintiff Lake Buckhorn Property Owners Association appeals a judgment of the Court of Common Pleas of Holmes County, Ohio, entered in favor of defendants-appellees James and Linda Townsend. Lake Buckhorn assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT AND DEFENDANTS WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 {¶ 3} "II. THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION TO AMEND OR WITHDRAW ADMISSIONS WHEN DEFENDANTS WOULD NOT HAVE BEEN PREJUDICED IN MAINTAINING THEIR DEFENSE ON THE MERITS."
 {¶ 4} Lake Buckhorn's statement regarding summary judgment, pursuant to Loc. App. R. 9, asserts the trial court's judgment was inappropriate both as a matter of law and because genuine disputes exist as to material facts.
 {¶ 5} Lake Buckhorn filed this action for injunctive relief, declaratory judgment, costs of enforcement, and legal fees, alleging the Townsends had violated its by-laws and rules and regulations. During discovery, the Townsends submitted 16 requests for admission to Lake Buckhorn. When Lake Buckhorn failed to respond, the trial court deemed the requests admitted. After the court overruled Lake Buckhorn's motion to modify or withdraw the admissions, the court granted summary judgment based in part on those admissions. *Page 3 
 {¶ 6} The court found Lake Buckhorn Property Owners Association is a homeowners association created by deed restrictions and governed by by-laws and rules and regulations. James and Linda Townsend own property at Lake Buckhorn, and are members of the association.
 {¶ 7} On or about September 6, 2006, the Townsends filed an application for a building permit to increase the size of their master bedroom. The court found via the admissions, that Lake Buckhorn did not respond to the Townsends' building permit application until April 6, 2007, when it sent the Townsends a letter denying the building permit because a three-bedroom septic system had not been installed for the two-bedroom house.
 {¶ 8} The court found the by-laws governing the Townsends' property only require a septic system approved by the Holmes County Department of Health, which found the Townsends' property only required a two-bedroom septic system. The bylaws and rules and regulations require installation of a three-bedroom septic system on the Townsends' property. The rules and regulations also provide if a building permit application is not ruled on within 30 days, it is deemed approved.
 {¶ 9} The trial court concluded the deed restrictions only require a dwelling to have an individual sanitary unit approved by the Holmes County Department of Health, and the rules and regulations cannot unilaterally amend the deed restrictions. The court also found Lake Buckhorn had failed to approve or to deny the building application within 30 days as required, and as a result, it was deemed approved.
 {¶ 10} The court also found because Lake Buckhorn was not the prevailing party, it was not entitled to an award of attorney fees or costs. *Page 4 
 {¶ 11} Civ. R. 56 states in pertinent part;
 {¶ 12} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 13} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts,Houndshell v. American States Insurance Company (1981),67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented,Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio,Inc. (1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v.Interim Personnel, Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 14} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The *Page 5 Wedding Party, Inc. (1987), 30 Ohio St. 3d 35. This means we review the matter de novo, Doe v. Shaffer, 90 Ohio St.3d 388, 2000-Ohio-186.
 {¶ 15} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim,Drescher v. Burt (1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v.Henkle (1991), 75 Ohio App. 3d 732.
 II {¶ 16} In its second assignment of error, Lake Buckhorn argues the court should have allowed it to amend or withdraw the admissions.
 {¶ 17} Civ. R. 36 governs requests for admission. The Rule provides a request for admission is deemed admitted unless, within not less than 28 days after service or within such shorter or longer time as the court allows, the party to whom the request is directed responds with a written answer or objection. Civ. R. 36 (B) provides any matter admitted under the Rules is conclusively established unless the court permits withdrawal or amendment of the admission. The court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby, and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits. *Page 6 
 {¶ 18} The Rule vests the trial court with discretion to permit withdrawal or amendment of admissions, see Aetna Casualty and SuretyCompany v. Roland (1988), 47 Ohio App. 3d 93. This court may not find a court abused its discretion unless we find the court's decision was unreasonable, arbitrary, or unconscionable, see, e.g., Blakemore v.Blakemore (1983), 5 Ohio St. 3d 217. This court may not substitute its judgment for that of the trial court when reviewing a matter directed to the court's discretion, Pons v. Ohio State Medical Board (1993),66 Ohio St. 3d 619.
 {¶ 19} The majority of the requests for admission dealt with Lake Buckhorn's failure to approve the building permit application within 30 days of receiving it on September 6, 2006, but instead, did not deny the building permit application until April 6, 2007. Request No. 15 states the Holmes County Department of Health does not require a two-bedroom residential structure to have a three-bedroom septic system.
 {¶ 20} Lake Buckhorn argues the court abused its discretion in refusing to permit it to withdraw the admissions. Among other things, Lake Buckhorn submitted the affidavit of Ed Ames, the lake manager for Lake Buckhorn Property Owners Association. His affidavit stated the building permit application the Townsends submitted on September 6, 2006 was incomplete, and before the end of September, the parties had engaged in some conversations regarding the building permit application. Ames stated the Townsends told Lake Buckhorn they had decided to wait until spring to do the proposed construction, and the matter was held in abeyance at the Townsends' request. On or about April 3, 2007, the Townsends submitted a new building permit application which was also incomplete. On April 6, 2007, Ames sent a letter to the Townsends informing them the requested building permit could not be issued, and *Page 7 
advising them they had the right to appeal the decision on April 10, 2007, which was the next scheduled meeting of the Board of Trustees. The Townsends did not appeal the decision, but instead, proceeded with the construction despite Lake Buckhorn's efforts to stop them by assessing fines of $50.00 per day.
 {¶ 21} We find the trial court did not abuse its discretion in refusing to permit Lake Buckhorn to withdraw its admissions and accept Ames' affidavit, which would have raised issues of fact. For the reasons stated I, infra, even if the court had permitted Lake Buckhorn to do so, those facts were not material and would not have affected the outcome of the case.
 {¶ 22} The second assignment of error is overruled.
 I {¶ 23} The trial court stated two reasons why Lake Buckhorn could not prevail on its complaint: first, because it had failed to respond to the application for the building permit within the required 30 day time period, and secondly, because the regulation requiring a three-bedroom septic system conflicts with the deed restriction, which requires a septic approved by the Holmes County Department of Health. Either of these reasons independently are grounds to find in favor of the Townsends.
 {¶ 24} Section 8 of Lake Buckhorn deed restrictions requires each dwelling to have an individual sanitary unit, either a septic tank, leech bed, or aeration system and leech bed approved in a permit issued by the Holmes County, Ohio Department of Health. *Page 8 
 {¶ 25} Article 9, Section C provides the Lake Buckhorn Building Committee would not approve any new house construction or addition with less than a three-bedroom septic system.
 {¶ 26} The trial court found the deed restrictions had not been amended, by the Rules and Regulations. The court found the deed restrictions run with the land and are binding upon both Lake Buckhorn and the Townsends.
 {¶ 27} We agree with the trial court the express provisions of the deed control over any conflicting rules and regulations adopted by Lake Buckhorn.
 {¶ 28} If a deed restriction is indefinite, doubtful, or capable of contradictory interpretation, then courts must adopt the construction which least restricts the free use of the land, Coma v. Szabo, Ottawa App. No. OT-05-025, 2006-Ohio-2764 at paragraph 39, citations deleted. The construction of deed restrictions is a question of law, Id. at 37, citing Alexander v. Buckeye Pipeline Company (1978), 53 Ohio St. 2d 241, syllabus by the court, paragraph one.
 {¶ 29} Restrictive covenants exist for the mutual benefit of property owners where there is a uniform general plan for improvement of the development, Dillingham v. Daklak Cao, Butler App. Nos. CA2002-01-004 and CA2002-01-017, 2002-Ohio-3349, at paragraph 14. Since each owner carries the burden of complying with the restrictions and enjoys the benefits, neighborhood restrictions should be substantially uniform and imposed upon all lots, Id.
 {¶ 30} The Holmes County Department of Health is the authority empowered to issue permits specifying the required septic system. The Board of Health has the expertise, as well as the statutory authority, to make the determination. By contrast, *Page 9 
Lake Buckhorn has set forth no evidence it has the authority or the expertise to apply its own standard. Lake Buckhorn presented no evidence why it believes a larger septic system is always necessary, even if the Health Department has found a smaller system is sufficient.
 {¶ 31} We find the trial court did not err in determining there were no material facts in genuine dispute, and that the Townsends were entitled to summary judgment as a matter of law.
 {¶ 32} The first assignment of error is overruled.
 {¶ 33} Because we affirm the trial court's decision, the issue of attorney fees, costs, and fines are moot.
 {¶ 34} For the foregoing reasons, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed.
 Gwin, P.J., Farmer, J., and Wise, J., concur *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed. Costs to appellant. *Page 1