[Cite as *Stevens v. Stevens*, 2011-Ohio-6741.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

MELISSA STEVENS

     Plaintiff-Appellee

-vs-

DOWARD STEVENS

     Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Patricia A. Delaney, J.

Case No. 11CAF080074

O P I N I O N

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of
Common Pleas, Case No. 09DRA03110

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 27, 2011

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

TERRENCE P. FLAHIVE
1 West Winter Street
Delaware, Ohio 43015

ROBERT M. OWENS
Owens Law Office, LPA
Robert M. Owens
46 North Sandusky Street, Suite 202
Delaware, Ohio 43015

*Hoffman, P.J.*

**(¶1)** Defendant-appellant Doward L. Stevens appeals the July 15, 2011 Judgment Entry entered by the Delaware County Court of Common Pleas, which overruled his objections to the magistrate's April 29, 2011 decision, and approved and adopted said decision as order of the court. Plaintiff-appellee is Melissa L. Stevens.[1]

STATEMENT OF THE CASE AND FACTS

**(¶2)** Appellant and Appellee were married on May 19, 1990. Two children were born as issue of said union. Appellee filed a Complaint for Divorce on March 3, 2009. Appellant filed an Answer and Counterclaim on March 24, 2009. The trial court issued temporary orders including asset/debt restraining orders. During the course of the marriage, Appellee's mother won a large lottery jackpot, of which Appellee received a portion.

**(¶3)** On June 18, 2009, Appellant served Appellee with written discovery. Appellant's Request for Admissions specifically asked Appellee to "Admit that the lottery winnings are marital assets". Appellee did not respond to the discovery despite numerous attempts by Appellant's counsel to obtain such. As a result, on July 29, 2009, Appellant filed a Motion to Compel Discovery and to Deem Certain Matters Admitted pursuant to Civil Rule 36. The trial court granted Appellant's motion to compel and ordered Appellee to supply answers to admissions "within 14 days—8/14/2009". Magistrate's August 3, 2009 Order, at 2. After Appellee failed to comply with the order, Appellant filed a Motion to Accept Matters Deemed Admitted per Civil Rule 36 on August 17, 2009.

---

[1] Appellee did not file a brief in this matter.

**(¶4)** Appellee filed her answers to Appellant's First Request for Admissions on August 20, 2009. Therein, Appellee specifically denied the lottery winnings were marital assets. Appellant filed a motion for sanctions pursuant to Civ. R. 37 as well as a motion to strike the untimely responses.

**(¶5)** The magistrate conducted a final hearing on January 11, 2010, and April 6, 2010. The parties were permitted to argue their respective positions relative to the discovery and compliance issues. The magistrate denied Appellant's request for the court to treat, as admitted, Appellee's statement the lottery proceedings were marital assets. Appellant raised an on-going objection to any evidence pertaining to the lottery proceeds.

**(¶6)** The magistrate issued a decision on April 29, 2011. Appellant filed timely objections to the magistrate's decision. Via Judgment Entry filed July 15, 2011, the trial court overruled Appellant's objections, and approved and adopted the magistrate's decision as order of the court.

**(¶7)** It is from this Judgment Entry Appellant appeals, assigning as error:

**(¶8)** "I. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT BY WRONGLY REJECTING APPELLEE'S ADMISSION THAT CERTAIN LOTTERY WINNINGS WERE MARITAL ASSETS."

**(¶9)** This case comes to us on the accelerated calendar. App. R. 11. 1, which governs accelerated calendar cases, provides in pertinent part:

**(¶10)** "(E) Determination and judgment on appeal.

**(¶11)** "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

**(¶12)** "The decision may be by judgment entry in which case it will not be published in any form."

**(¶13)** This appeal shall be considered in accordance with the aforementioned rule.

I

**(¶14)** In his sole assignment of error, Appellant contends the trial court committed prejudicial error by failing to deem, as admitted, Appellee's statement the lottery proceedings were marital assets.  We disagree.

**(¶15)** Civ.R. 36 provides, in pertinent part:

**(¶16)** "(A) Request for admission

**(¶17)** "A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * *

**(¶18)** "* * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. * * *

**(¶19)** "(B) Effect of admission

**(¶20)** "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. * * * [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. * * *"

**(¶21)** We agree with Appellant a party's failure to timely respond to a request for admissions results in matters being automatically admitted under Civ.R. 36(A). Nevertheless, we find the trial court did not abuse its discretion or commit prejudicial error in accepting Appellee's late responses to the request for admissions. See, *Balson v. Dodds* (1980)*,* 62 Ohio St.2d 287.

**(¶22)** Appellant served Appellee with written discovery on June 18, 2009. Appellee did not timely respond to the discovery.  As a result, on July 29, 2009, Appellant filed a Motion to Compel Discovery and to Deem Certain Matters Admitted pursuant to Civil Rule 36. The trial court granted Appellant's motion to compel and ordered Appellee to supply answers to admissions "within 14 days—8/14/2009". Magistrate's August 3, 2009 Order, at 2.  Appellee filed her answers to Appellant's First Request for Admissions on August 20, 2009.

**(¶23)** Civ. R. 36(B) vests the trial court with discretion to permit withdrawal or amendment of admissions. See, *Aetna Casualty and Surety Company v. Roland* (1988), 47 Ohio App.3d 93, 547 N.E.2d 379. This Court cannot find the court abused its discretion unless we find the court's decision was unreasonable, arbitrary, or

unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Further, this Court may not substitute its judgment for that of the trial court when reviewing a matter directed to the court's discretion. *Pons v. Ohio State Medical Board* (1993), 66 Ohio St.3d 619, 614 N.E.2d 748. We find the trial court's decision to accept the late discovery did not constitute an abuse of discretion.

(¶24) Appellant's sole assignment of error is overruled.

(¶25) The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MELISSA STEVENS | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DOWARD STEVENS | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11CAF080074 |

For the reason stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER


s/ Patricia A. Delaney
HON. PATRICIA A. DELANEY