[Cite as *U.S. Bank v. Downey*, 2013-Ohio-494.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98598**

## U.S. BANK

PLAINTIFF-APPELLEE

vs.

## WILLIAM D. DOWNEY, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-738418

**BEFORE:** Boyle, J., Stewart, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 14, 2013

**FOR APPELLANT**

William D. Downey, pro se
10716 South Highland Avenue
Garfield Heights, Ohio   44125


**ATTORNEYS FOR APPELLEE U.S. BANK**

Anita L. Maddix
Miranda S. Hamrick
Stacy L. Hart
Carson A. Rothfuss
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, Ohio   45201

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, William D. Downey, appeals the trial court's judgment granting summary judgment to plaintiff-appellee, U.S. Bank. He raises four assignments of error for our review:

[1.] The common pleas court erred when it entered judgment ordering a monetary judgment against the appellant where the appellee's complaint never sought a monetary judgment against [appellant].

[2.] The common pleas court erred when it failed to deem appellant's admissions to appellee as admitted where U.S. Bank never replied to the admissions within the required thirty (30) days pursuant to [Civ.R. 36(A)].

[3.] The common pleas court erred when it granted appellee's motion for summary judgment where the appellant was never served with the pleading and therefore could not respond which is in violation of [Civ.R. 5(A)].

[4.] The common pleas court erred when it entered a judgment for foreclosure and/or monetary judgment in a residential mortgage foreclosure case where the appellee failed to file the required affidavit before the judgment was granted to prove standing to initiate a foreclosure action.

{¶2} Finding no merit to his appeal, we affirm.

Procedural History and Factual Background

{¶3} In October 2010, U.S. Bank filed a complaint in foreclosure against Downey. According to the complaint, Downey signed a promissory note in September 2006 to National City Mortgage, a division of National City Bank, in the amount of

$121,000. According to documents attached to the complaint, the note was secured by a mortgage executed by Downey to National City Mortgage a division of National City Bank. The mortgage was then assigned from National City Mortgage a division of National City Bank to National City Mortgage Co., and subsequently from National City Mortgage Co. to U.S. Bank. Both assignments, to National City Mortgage Co. and then to U.S. Bank, were executed in October 2006 and recorded in January 2007. U.S. Bank alleged that Downey owed $140,394.26 on the note, plus interest at the rate of 2 percent annually from May 1, 2010. In February 2011, U.S. Bank filed an amended complaint to include a loan modification agreement executed by Downey in February 2010 (that is not at issue here).

{¶4} After mediation efforts failed, a magistrate held a pretrial on October 3, 2011, where he ordered that all discovery be completed by November 18, 2011, and all dispositive motions be filed on or before December 16, 2011. Downey sent discovery requests to U.S. Bank on November 4, 2011. U.S. Bank sent discovery requests to Downey by regular U.S. mail on November 23, 2011. U.S. Bank sent its responses to Downey's discovery requests on December 6, 2011. On December 12, 2011, U.S. Bank moved for summary judgment.

{¶5} Downey moved to strike U.S. Bank's discovery requests as being untimely and moved to strike U.S. Bank's responses to his discovery requests as being untimely.

{¶6} The trial court granted Downey's motion to strike U.S. Bank's discovery requests because they were untimely sent. But the trial court denied Downey's motion

to strike U.S. Bank's responses to Downey's discovery requests because it granted U.S. Bank leave to respond. The trial court further ordered that "any matters deemed admitted pursuant to Civ.R. 36 are hereby withdrawn."

{¶7} In February 2012, the magistrate recommended granting U.S. Bank's motion for summary judgment. In his decision, the magistrate found that U.S. Bank was entitled to a decree of foreclosure as a matter of law and that Downey owed $140.394.26 on the note, plus interest at the rate of 2 percent annually from May 1, 2010.

{¶8} Downey timely filed objections to the magistrate's decision. The trial court overruled Downey's objections, adopted the magistrate's decision, and entered judgment for U.S. Bank. Downey moved to stay the execution of judgment, which the trial court granted.

### Standard of Review

{¶9} Because Downey is challenging the trial court's decision granting summary judgment to U.S. Bank, this court reviews the trial court's decision de novo. *Parenti v. Goodyear Tire & Rubber Co.*, 66 Ohio App.3d 826, 829, 586 N.E.2d 1121 (9th Dist.1990). Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the nonmovant, reasonable minds must conclude that no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390, 738 N.E.2d 1243 (2000).

## First Assignment of Error

{¶10} In his first assignment of error, Downey argues that the trial court erred when it entered a monetary judgment against him. A review of the judgment entry, however, shows that the trial court entered a decree of foreclosure against Downey, not a monetary judgment. U.S. Bank even acknowledged in its amended complaint that Downey was not personally liable on the note by virtue of his bankruptcy case filed in the United States Bankruptcy Court.

{¶11} Further, although the judgment states that "[t]here is due plaintiff the sum of $140,394.26 plus interest at the rate of two percent annually from May 1, 2010," that does not mean that Downey is personally liable for that amount. That evidence simply supports the trial court's judgment that U.S. Bank is entitled to foreclose on the property.

{¶12} Downey's first assignment of error is overruled.

## Second Assignment of Error

{¶13} In his second assignment of error, Downey contends that the trial court erred by not deeming matters admitted by U.S. Bank because U.S. Bank's responses were untimely.

{¶14} Civ.R. 36(A) provides, in pertinent part:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * *

(1) * * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or

within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. * * *

**{¶15}** Pursuant to the express language of Civ.R. 36(A), requests for admissions are "self-executing; if there is no response to a request or an admission, the matter is admitted. Unlike other discovery matters, the admission is made automatically and requires no further action by the party requesting the admission." *Palmer-Donavin v. Hanna*, 10th Dist. No. 06AP-699, 2007-Ohio-2242, ¶ 10 (citations omitted). Thus, once a party fails to timely respond to the requests for admissions, the defaulted admissions become facts, and a motion seeking confirmation of those admissions is not necessary. *Natl. Mut. Ins. Co. v. McJunkin*, 8th Dist. No. 58458, 1990 Ohio App. LEXIS 1730 (May 3, 1990) (motion to deem matters admitted superfluous).

**{¶16}** "Although Civ.R. 36(A) deems requests admitted if no response is made within the allotted time, we note that a judge has discretion to allow withdrawal or amendment of the requests under Civ.R. 36(B)." *Knox v. Hetrick*, 8th Dist. No. 91102, 2009-Ohio-1359, ¶ 72. Moreover, a trial court has broad discretion in controlling the conduct of discovery and in issuing sanctions for violations. *Cheek v. Granger Trucking*, 8th Dist. No. 78805, 2001 Ohio App. LEXIS 4905 (Nov. 1, 2001). Thus, the decision to accept late admissions is a matter within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. *Hayes v. Walt Ward Constr. Co.*, 8th Dist. No. 69557, 1996 Ohio App. LEXIS 5199 (Nov. 21,

1996); *see also Aetna Cas. & Sur. Co. v. Roland*, 47 Ohio App.3d 93, 547 N.E.2d 379 (10th Dist.1988).

{¶17} Here, Downey sent his discovery requests on November 4, 2011. U.S. Bank responded on December 6, 2011. Based on the record before us, the trial court did not act unreasonably or arbitrarily when it granted U.S. Bank leave to file late responses to Downey's discovery requests and ordered that any matters deemed admitted were withdrawn. U.S. Bank responded to Downey's request for discovery only one day late.

{¶18} Downey's second assignment of error is overruled.

Third Assignment of Error

{¶19} In his third assignment of error, Downey argues that the trial court erred in granting U.S. Bank summary judgment because U.S. Bank never served him with the motion as required by Civ.R. 5(A). In this assignment of error, Downey asserts that he never received a copy of U.S. Bank's December 12, 2011 summary judgment motion until the trial court granted it. The record establishes, however, that Downey filed his response to U.S. Bank's summary judgment motion on December 15, 2011, three days after U.S. Bank filed its motion. The magistrate did not issue his decision until February 22, 2012, so even if Downey was not properly served, he apparently got a copy of the motion and timely responded. Because he can show no prejudice, Downey's arguments are without merit.

{¶20} Downey's third assignment of error is overruled.

Fourth Assignment of Error

{¶21} In his fourth assignment of error, Downey asserts that the trial court erred when it granted summary judgment to U.S. Bank because U.S. Bank lacked standing to bring the foreclosure action against him. He asserts that he executed a note and mortgage with National City Bank, not U.S. Bank. He therefore maintains that U.S. Bank failed to properly establish that it was the holder of the note and mortgage. We disagree.

{¶22} Standing is a "jurisdictional requirement." *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 22, citing *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179, 298 N.E.2d 515 (1973). Because standing to sue is required to invoke the jurisdiction of the common pleas court, "'standing is to be determined as of the commencement of suit.'" *Id.* at ¶ 24, quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570-571, 112 S.Ct. 2130, 119 L.Ed.2d 351, fn. 5 (1992).

{¶23} In *Fed. Home Loan Mtge.*, the Ohio Supreme Court held that a mortgage company did not have standing to bring a foreclosure action against homeowners because when the suit commenced, it had not yet obtained assignment of the promissory note. *Id.* at ¶ 40. The high court concluded that the lack of standing at the commencement of a foreclosure action required dismissal of the mortgage company's complaint without prejudice. *Id.*, citing *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, 877 N.E.2d 968, ¶ 51.

**{¶24}** Here, there is no standing issue. U.S. Bank established that at the time it filed the suit, it had standing to bring the foreclosure action. It attached the proper chain of endorsements to the complaint to establish that it was the holder of the note. Further, U.S. Bank filed valid affidavits with its summary judgment motion to prove that it was the holder of the note. Indeed, U.S. Bank proved that it had been assigned the note in January 2007.

**{¶25}** As Downey correctly states, appropriate affidavits must be filed before judgment can be issued in a foreclosure case. U.S. Bank did that here. Downey's argument that U.S. Bank did not file the appropriate affidavits before the default judgment hearing has no bearing on his case. The trial court did not enter default judgment against him.

**{¶26}** Downey's fourth assignment of error is overruled.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

MELODY J. STEWART, A.J., and
SEAN C. GALLAGHER, J., CONCUR